Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES C. COOPER,** | |
| **Plaintiff,** | Civil Action No.: 23-275 (ES) (LDW) |
| v. | |
| **OSCAR AVILES, et al.,** | OPINION |
| **Defendants.** | |

**SALAS, DISTRICT JUDGE**

Plaintiff Charles C. Cooper, an inmate at Northern State Prison ("NSP") in Newark, New Jersey, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* D.E. No. 1 ("Complaint" or "Compl.")). The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), and 42 U.S.C. § 1997e(c) to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons below, the Court dismisses Plaintiff's federal claims without prejudice and declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

I.   **BACKGROUND**[1]

At all relevant times, Plaintiff was confined at Hudson County Correctional Center in Kearny, New Jersey. (Compl. at 2). According to Plaintiff, "the facility failed to properly house the medical 'COVID-19 quarantine' unit[,] which resulted in me being exposed to [and]

---

[1] The Court construes the well-pleaded factual allegations of the Complaint as true for the purpose of this Opinion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

contracting COVID-19." (*Id.* at 4). Plaintiff further claims that he "was put in harms way to be exposed to COVID-19 from the adjacent unit after testing negative for over a 15[-]month period." (*Id.*).

Moreover, "the medical staff neglected [Plaintiff's] numerous grievances about [his] concerns." (*Id.*). For example, Plaintiff sent grievances to medical staff on October 29, 2021, November 7, 2021, and November 8, 2021. (*Id.*). However, "there was no result or any form of communication in return." (*Id.* at 7).

Plaintiff initiated this matter by filing the Complaint with the Court on or around January 18, 2023. (*See* Compl.). The Complaint names Oscar Aviles, Sharonda Murrell, and Michael D'Antico as defendants. (*See id.* at 1).

## II. STANDARDS OF REVIEW

District courts must review complaints in civil actions in which a prisoner or pretrial detainee is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(a), or brings an action with respect to prison conditions, s*ee* 42 U.S.C. § 1997e(c). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B), 1915A(a), or 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). A court properly grants a motion

to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "'sufficient factual matter' to show that the claim is facially plausible." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*See* Compl.). To state a claim for relief under Section 1983, a plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federally secured right. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1983). The Court liberally construes the Complaint as asserting Eighth Amendment conditions of confinement and inadequate medical care claims as well as state law claims for negligence against each of the Defendants. However, for the reasons below, the Court dismisses Plaintiff's Section 1983 claims without prejudice and declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### A. Personal Involvement Requirement

"A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Section 1983 liability, therefore, requires a "showing of direct responsibility" by the named defendant and eschews any "theory of liability" in which defendants played "no affirmative part in depriving any[one] . . . of any constitutional rights . . . ." *Rizzo v. Goode*, 423 U.S. 362, 376–77 (1976). In other words, to establish Section 1983 liability, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff fails to plead sufficient factual matter for the Court to infer reasonably that the Defendants were personally involved with the alleged conditions. *See Iqbal*, 556 U.S. at 676. Rather, the allegations in the Complaint are directed at "the facility" or "the medical department" and do not set forth the Defendants' respective roles or individual actions that Plaintiff claims violated his rights. Accordingly, the Court dismisses Plaintiff's Section 1983 claims against all Defendants without prejudice for failure to state a claim for relief.

### B. Remaining State Law Claims

The Court further construes the Complaint as asserting state law claims for negligence. However, as this Court has determined that it will dismiss all claims for which it has original jurisdiction, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

The potential basis for the Court's jurisdiction over Plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they 'are so related

to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (citation omitted).

Where a district court has original jurisdiction over federal claims and supplemental jurisdiction over state claims, the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Where courts dismiss federal claims at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Court has determined that it will dismiss all of Plaintiff's claims for which it has original jurisdiction, *i.e.*, Plaintiff's federal claims under Section 1983. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV.     CONCLUSION

For the reasons stated above, the Court dismisses Plaintiff's federal claims without prejudice and declines to exercise supplemental jurisdiction over Plaintiff's state law claims. An appropriate order follows.

Dated: April 8, 2024

_____
Esther Salas, U.S.D.J.